


## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**SYNERGY HEMATOLOGY-ONCOLOGY MEDICAL ASSOCIATES, INC.,**<br><br>Debtor(s). | Case No.: LA08-29315SB<br><br>Chapter 11<br><br>**OPINION AUTHORIZING PATIENT CARE OMBUDSMAN TO HIRE LEGAL COUNSEL**<br><br>Date:  October 7, 2009<br>Time:  2:00 p.m.<br>Ctrm:  1575<br>Floor: 15th |

### I. Introduction

R. Brent Martin, a patient care ombudsman appointed in this chapter 11 case, brings this motion to authorize him to employ legal counsel. The court finds that the bankruptcy code[1] authorizes the appointment of legal counsel, where appropriate, for a patient care ombudsman. Thus the motion is granted.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.A. §§ 101-1532 (West 2009) and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

### II. Relevant Facts

Synergy Hematology-Oncology Medical Associates ("Synergy") is a provider of medical services specializing in hematology and oncology medical services including cancer screening, AIDS-HIV treatment infusions, and diagnosis of oncological and infectious diseases. Synergy's financial problems arise principally from delays in Medicare payments resulting from California's state budget problems and from changes in the Medicare accounting and billing systems.

After the chapter 11 filing, the U.S. Trustee appointed Martin as a patient care ombudsman in this case, to monitor

1

Synergy's quality of patient care while the bankruptcy case is pending.

Martin is an experienced healthcare professional specializing in the restructuring and organization of healthcare businesses. Over the last several years, he has served as a patient care ombudsman in five other bankruptcy cases.

Based on this experience, Martin concludes that he requires legal counsel in this case to answer questions about his duties under bankruptcy law and to assist in the filing and service of documents on his behalf.

Martin proposes to limit the fees of his legal counsel to $15,000 for the first two months of employment, and to $8,000 per month thereafter. In addition, he proposes to limit counsel's expenses to $4,000 per month for the first two months and to $3,000 per month thereafter.

### III. Discussion

Unlike a debtor or a creditors' committee, the bankruptcy code does not expressly authorize a patient care ombudsman to employ a professional person such as a lawyer at the expense of the estate. However, a more careful examination is required before the court can conclude that such employment is unauthorized.

#### A. Relevant Statutory Provisions

If a debtor under chapter 7, 9 or 11 is a health care business,[2] § 333 requires the court to order the appointment of a patient care ombudsman within 30 days of the commencement of the case.[3] The purpose of the ombudsman is "to monitor the quality of patient care and to represent the interests of the patients of the health care business."[4] Such an appointment may be waived by the court if it finds that "the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case." Id.

#### B. Appointment of Legal Counsel for Oficers

Section 327(a)[5] authorizes a bankruptcy trustee to employ attorneys with the court's approval. For a chapter 11 case, § 1107 gives the same power to a debtor in possession and § 1103 gives the same power to a committee of creditors.

There is no provision in the bankruptcy code specifying that any other bankruptcy officer has this same authority. Thus, neither § 333 nor any other bankruptcy code provision specifies that a patient care ombudsman may appoint legal counsel at estate expense. While courts have authorized patient care ombudsmen to appoint legal counsel in several cases, there is no published caselaw on the subject.

Patient care ombudsmen are not the only bankruptcy professionals whose legal representation at estate expense is not covered by the bankruptcy code. When Congress added § 333 in 2005 to provide for the appointment of a patient care ombudsman, it also enacted § 332 to provide for the appointment of a consumer

---

[2] Section 101(27A) defines "health care business" as "any public or private entity (without regard to whether that entity is organized for profit or not for profit) that is primarily engaged in offering to the general public facilities and services for . . . the diagnosis or treatment of injury, deformity, or disease; and . . . surgical, drug treatment, psychiatric, or obstetric care . . . ."

[3] See § 333.

[4] Id.

[5] Section 327(a) provides in relevant part:
 [T]he trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

2

privacy ombudsman in a different set of cases. Congress similarly did not provide for the appointment of legal counsel for a consumer privacy ombudsman.

No reported decision has been found on the appointment of legal counsel for a consumer privacy ombudsman.

### C. Examiner Analogy

However, a much older ancillary bankruptcy official is the examiner, whose appointment is authorized by § 1104 in chapter 11 cases.[6] Like patient care ombudsmen and consumer privacy ombudsmen, the bankruptcy code also lacks any provision authorizing an examiner to employ legal counsel.

Notwithstanding the lack of statutory authority for an examiner to hire legal counsel, courts have frequently authorized such employment, pursuant to § 105(a).[7] See, e.g., In re Southmark Corp., 113 B.R. 280 (Bankr. N.D. Tex. 1990); In re Tarkowski, 104 B.R. 828, 829 (Bankr. E.D. Mich. 1989); In re First Republic Bank Corp., 95 B.R. 58, 60 (Bankr. N.D. Tex. 1988); In re Tighe Mercantile, 62 B.R. 995, 999-1000 (Bankr. S.D. Cal. 1986) (holding that, in appropriate circumstances, a bankruptcy court may rely on § 105(a) to authorize examiners to employ professional persons).

While the court may not invoke § 105(a) to create substantive rights that are not provided in the Code, the court may use § 105(a) to fashion orders that are necessary or appropriate to further a substantive provision of the bankruptcy code. See, e.g., Browning v. Navarro, 887 F.2d 553, 559 (5th Cir.1989); United States v. Sutton, 786 F.2d 1305, 1308 (5th Cir.1986).

In Southmark, the court made a detailed examination of the facts of the case and the role of the examiner to determine that the appointment of counsel for the examiner was appropriate. See 113 B.R. at 281-84. The court in Tighe Mercantile made a similar examination. See 62 B.R. at 999-1001.

The role of a patient care ombudsman is quite different from the role of an examiner in a chapter 11 case. Under § 333(b), the duties of a patient care ombudsman include:

(1) monitoring the quality of patient care provided to patients of the debtor, to the extent necessary under the circumstances, including interviewing patients and physicians;
(2) not later than 60 days after the date of appointment, and not less frequently than at 60-day intervals thereafter, report to the court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the debtor; and
(3) if such ombudsman determines that the quality of patient care provided to patients of the debtor is declining significantly or is otherwise being materially compromised, file with the court a motion or a written report, with notice to the parties in interest immediately upon making such determination.

In consequence of these statutory duties, a patient care ombudsman is typically a medical doctor or other medical professional with firsthand knowledge of quality medical care.

Given the foregoing duties, a patient care ombudsman's duties may differ substantially from the interests of any of the parties in interest, such as the debtor or a committee of creditors. Consequently, a patient care ombudsman should not be required to rely on counsel for the debtor or a committee for legal advice or legal

---

[6] The examiner is a bankruptcy official inherited from the Bankruptcy Act of 1898, § 168, added by the Chandler Act in 1938.

[7] Section 105(a) provides in relevant part:
The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

3

services in carrying out the duties of ombudsman.

Thus, in an appropriate case, it is important that a patient care ombudsman have separate legal counsel to advise on the duties under § 333 and to assist in making reports to the court pursuant to the statutory requirements.

Based on the foregoing, the court finds that this is an appropriate case, within the statutory language of § 105(a), to authorize the appointment of counsel for the patient care ombudsman.[8]

Dated: December 29, 2009

DEC 29 2009

_____
Hon. Samuel L. Bufford
United States Bankruptcy Judge

---

[8] Because the court finds that the employment of counsel for the ombudsman in this case is appropriate under § 105, it need not address also whether such employment is necessary.

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify) **OPINION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of December 29, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Thomas J. Polis, Esq.                    tom@polis-law.com
United States Trustee                    ustpregion16.la.ecf@usdoj.gov
Russell Clementson, Esq.                 russell.clementson@usdoj.gov

☐   Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Synergy Hematology-Oncology Medical Associates, Inc.
5901 West Olympic Boulevard
Suite 420
Los Angeles, California 90036

☐   Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐   Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

5